UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MUNGIN-BEY,

                Plaintiff,

        -against-

NEW YORK STATE,

                Defendant.

25-CV-9223 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees–a $350.00 filing fee plus a $55.00 administrative fee–or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff submitted an IFP application, but his responses do not establish that he is unable to pay the filing fees. Plaintiff states that he is unemployed, and that he receives public assistance, but he does not indicate how much.[1] Plaintiff further states that he has no sources of income, no cash or money in a bank account, no real or personal property, and no housing, transportation, or other monthly expenses. Plaintiff alleges that he financially supports his daughter, but he does not answer the question asking him to explain how he supports himself and his daughter without any sources of income. He also does not answer the question asking him to specify any debts or financial obligations. Because Plaintiff states that he has no sources of

---

[1] In an IFP application that Plaintiff submitted with another recently-filed complaint, he states that he does not receive public assistance. *Mungin-Bey v. Nordstrom, Inc.*, No. 25-CV-9437 (LTS), ECF 2 at 2. The Court also issued a deficiency order in that case. (ECF 4.)

income or assets but does not explain how is able to support himself and his daughter, the Court is unable to conclude that he is unable to pay the filing fees.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-9437 (LTS), and address the deficiencies described above by answering all applicable questions, explaining how he supports himself and his daughter, and providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 25, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

2