UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MUNGIN-BEY,

Plaintiff,

-against-

NEW YORK STATE,

Defendant.

25-CV-9223 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, a resident of Queens County, New York, filed this complaint *pro se* under the court's diversity jurisdiction. (ECF 1 at 2.) By Order dated August 14, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (ECF No. 2.) The Court construes the complaint as asserting claims pursuant to 42 U.S.C. § 1983 and dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and

citations omitted). But the "special solicitude" courts provide to *pro se* litigants, *id*. at 475 (citation omitted), has its limits–-to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiff's pleading bears the heading of the "Moorish Science Temple the Divine and National Movement of North America Inc., #13," and purports to be an "Affidavit of Fact & Declaration of Nationality Certificate of Moorish-American Name Change."[1] (ECF 1 at 1.) As far as the Court can glean, Plaintiff seeks to change his nationality to Moorish-American, and his last name to Mungin-Bey. (*Id.* at 2.) Plaintiff alleges, among other things, that he is "a Citizen of the United States of America Republic," but "not a 14th Amendment Citizen of the U.S federal corporation." (*Id.*) Plaintiff subsequently submitted court decisions that he claims bear on this matter. (ECF 8.)

## DISCUSSION

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). (internal quotation marks, alterations, and citation omitted). New York State has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity by enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the complaint unless noted otherwise.

F.2d 35, 38-40 (2d Cir. 1977). The Court therefore dismisses Plaintiff's Section 1983 claims against the State of New York because these claims are barred by the Eleventh Amendment..

In any event, to state a claim under 42 U.S.C. 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The claims in Plaintiff's application, seeking recognition of a change to his name and nationality, are not cognizable under Section 1983. *See, e.g.*, *LeJon-Twin El v. Marino*, No. 16-CV-2292, 2017 WL 592232, at *4 (D.N.J. Feb. 14, 2017) (dismissing Section 1983 claims and explaining that plaintiff could file a petition in state court to legally change his name). To the extent Plaintiff seeks to legally change his name, his remedy is to file a petition in state court pursuant to New York Civil Rights Law §§ 60–64. *Salahuddin v. Coughlin*, 591 F. Supp. 353, 359 (S.D.N.Y. 1984).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See ; Lucente v. Int'l Bus. Machs. Corp.,* 310 F.3d 243, 258 (2d Cir. 2002). Because Plaintiff cannot cure the defects in his complaint with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: September 15, 2026
New York, New York

/s/Kimba M. Wood
KIMBA M. WOOD
United States District Judge